IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELECONFERENCE SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PROCTOR & GAMBLE<br>PHARMACEUTICALS, INC.,<br>HSBC USA, INC.,<br>BAXTER HEALTHCARE CORPORATION,<br>APPLIED MATERIALS, INC.,<br>WACHOVIA CORPORATION,<br>STAPLES, INC.,<br>CABELA'S INCORPORATED,<br>ENBRIDGE HOLDINGS (U.S.), L.L.C.,<br>CISCO SYSTEMS, INC., and<br>TANDBERG, INC,<br><br>Defendants. | CASE NO. 1:09-cv-00200-JBS<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

Teleconference Systems, LLC., ("Plaintiff") files this Second Amended Complaint against Proctor & Gamble Pharmaceuticals, Inc., HSBC USA, Inc., Baxter Healthcare Corporation, Applied Materials, Inc., Wachovia Corporation, Staples, Inc., Cabela's Incorporated, Enbridge Holdings (U.S.), L.L.C., Cisco Systems, Inc., and Tandberg, Inc. (collectively "Defendants") for infringement of United States Patent No. 6,980,526 (hereinafter "the '526 Patent"), a copy of which is attached as Exhibit A.[1]

## JURISDICTION

1.  This is an action for patent infringement under title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal

---

[1] Pursuant to Local District Court Civil Rule 15.1, Exhibit B shows in what respect the Second Amended Complaint differs from the First Amended Complaint (D.I. No. 18).

{09900}

Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

4. Plaintiff is a Texas corporation.

5. Defendant Proctor & Gamble Pharmaceuticals, Inc., ("Proctor"), is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Proctor has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Proctor has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

6. Defendant HSBC USA Inc., ("HSBC") is a Maryland corporation with its principal office located in New York, New York. HSBC has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. HSBC has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

7. Defendant Baxter Healthcare Corporation ("Baxter") is a Delaware corporation with its principal office located in Deerfield, Illinois. Baxter has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Baxter has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

8. Defendant Applied Materials, Inc., ("Applied") is a Delaware corporation with its principal office located in Santa Clara, California. Applied has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims

of the '526 patent. Applied has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

9.  Defendant Wachovia Corporation ("Wachovia") is a North Carolina corporation with its principal office located in Winston Salem, North Carolina. Wachovia has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Wachovia has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

10. Defendant Staples, Inc. ("Staples") is a Delaware corporation with its main office in Framingham, Massachusetts. Staples has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Staples has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

11. Defendant Cabela's Incorporated ("Cabela's") is a Delaware corporation with its principal office located in Sidney, Nebraska. Cabela's has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Cabela's has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

12. Defendant Enbridge Holdings (U.S.), L.L.C. ("Enbridge") is a Delaware Limited Liability Company with its principal office located in Houston, Texas. Enbridge has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Enbridge has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation

of 35 U.S.C. § 271.

13. Defendant Cisco Systems, Inc. ("Cisco") is a California corporation with its principal office located in San Jose, California. Cisco has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Cisco has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. Defendant Tandberg, Inc. ("Tandberg"), is a Delaware corporation with its headquarters located in New York, New York and an office for the transaction of business in Bridgewater, New Jersey. Tandberg has made, used, sold, offered for sale, offers for sale and/or imports apparatuses and/or systems that infringe one or more claims of the '526 patent. Tandberg has infringed and continues to infringe the '526 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

15. On information and belief, the apparatuses and/or systems that are alleged herein to infringe are made, used, imported, offered for sale, and/or sold in the District of Delaware.

16. This court has personal jurisdiction over Defendants because Defendants reside here and have committed acts of infringement in this district; do business in this district; and/or have systematic and continuous contacts in this district.

### INFRINGEMENT OF U.S. PATENT 6,980,526

17. Plaintiff incorporates paragraphs 1 through 16 herein by reference.

18. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

19. Plaintiff is the exclusive licensee of the '526 patent with rights to enforce the '526 patent and sue infringers.

{09900}                                                                                  4

20. The '526 Patent, titled "Multiple Subscriber Videoconferencing System," is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

21. On information and belief, Defendant Proctor has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the Cisco TelePresence product line.

22. On information and belief, Defendant HSBC has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the Cisco TelePresence product line.

23. On information and belief, Defendant Baxter has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the Cisco TelePresence product line.

24. On information and belief, Defendant Applied has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the Cisco TelePresence product line.

25. On information and belief, Defendant Wachovia has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the Cisco TelePresence product line.

26. On information and belief, Defendant Staples has infringed and continues to

infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the Cisco TelePresence product line.

27. On information and belief, Defendant Cabela's has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the Cisco TelePresence product line.

28. On information and belief, Defendant Enbridge has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, a product in the Cisco TelePresence product line.

29. On information and belief, Defendant Cisco has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, the products in its Cisco TelePresence product line.

30. On information and belief, Defendant Tandberg has infringed and continues to infringe the '526 Patent by making, using, importing, offering for sale and/or selling apparatuses and/or systems, covered by one or more claims of the '526 Patent, including, but not limited to, products in the Tandberg Telepresence Series and Tandberg Profile Series product lines.

31. On information and belief, Defendant Cisco is acquiring Tandberg via a voluntary cash offering, which is anticipated to close in the first part of 2010.

32. Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

33. On information and belief, one or more Defendants continue to infringe the '526 patent by their continued use of the accused systems after being on notice of the '526 patent and this lawsuit, thereby making the infringement willful.

34. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

35. Plaintiff has complied with 35 U.S.C. § 287.

36. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

37. Each Defendant herein received and continues to receive substantial benefit and value from their use of the invention of the '526 patent, including substantial cost savings.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

A. Enter judgment for Plaintiff on this Second Amended Complaint;

B. Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 6,980,526;

C. Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

D. Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

E. Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

F. Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

G. Order the impounding and destruction of all Defendants' apparatuses that infringe the '526 Patent;

H. Award Plaintiff pre-judgment and post-judgment interest and costs; and

I. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Joelle E. Polesky
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Email: jpolesky@skfdelaware.com
Attorneys for Plaintiff,
Teleconference Systems, LLC

Dated: October 5, 2009

OF COUNSEL:

Anthony G. Simon
Timothy E. Grochocsinski
The Simon Law Firm, P.C.
701 Market Street, Suite 1450
St. Louis, MO 63101
Telephone: 314-241-2929
Facsimile: 314-241-2029